**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| VIJAY VIJAY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| -vs- | )   NO.  CIV-26-1155-HE |
| | ) |
| MARKWAYNE MULLIN, Secretary, | ) |
| Department of Homeland Security, et al.,[1] | ) |
| | ) |
| Respondents. | ) |

**<u>ORDER</u>**

Petitioner Vijay Vijay is a non-citizen from India.  He entered the United States in July of 2018 without permission and removal proceedings were commenced.  He applied for asylum and withholding of removal.  He was detained by U.S. Immigration and Customs Enforcement on January 26, 2026 and is currently housed at the Cimarron Correctional Facility in Cushing, Oklahoma.

Petitioner previously sought habeas relief from this court in Case No. CIV-26-0172-HE.  The court concluded petitioner was being held pursuant to 8 U.S.C. § 1226(a) and was entitled to an individualized bond hearing.  Order, March 6, 2026 [Doc. #11 in CIV-26-0172-HE].  Respondents were directed to conduct a bond hearing within seven business days or to release him if no hearing was provided.  Respondents conducted a hearing on March 13, 2026.

---

[1] *In accordance with Fed. R. Civ. P. 25(d), David Venturella, the acting director of U.S. Immigration and Customs Enforcement, is substituted for Todd Lyons.*

At the hearing, the immigration judge denied bond on the basis that petitioner was a flight risk.  Order of the Immigration Judge, March 17, 2026 [Doc. #1-2].  According to petitioner, the immigration judge failed to meaningfully consider the evidence presented and relied on factors that lack probative value as to flight risk.

Petitioner then filed this second § 2241 habeas corpus case.  Initially, he contends his detention violates the Fifth Amendment Due Process clause.  He suggests he is detained pursuant to 8 U.S.C. § 1225(b), but this court has previously determined he is detained pursuant to 8 U.S.C. § 1226(a).  To the extent petitioner challenges the constitutionality of his detention under § 1226(a) while his removal proceedings are pending, the court concludes such challenge fails.  *See* e.g., Demore v. Kim, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process.").  To the extent petitioner challenges the adequacy of the bond hearing under the Due Process clause because the government did not bear the burden that he was a flight risk, the court has previously rejected such challenge.  *See* Singh v. Mullin, CIV-26-0712-HE [Doc. #13 in that case]. To the extent petitioner challenges the immigration judge's bond determination as so lacking in evidentiary support, or otherwise suspect, as to support a conclusion that a hearing was a sham, the court concludes the challenge likewise fails.  The record before the court clearly falls short of establishing that.  To the extent petitioner challenges the merits of the immigration judge's bond determination, the court concludes it lacks jurisdiction to address it.  *See* 8 U.S.C. § 1226(e).  To the extent petitioner challenges his detention under § 1226(a) because he was not arrested pursuant to a warrant or a finding of probable cause, the court concludes the claim is not sufficiently developed

in the petition for habeas relief.[2]  Petitioner, through counsel, has attempted to argue this position for the first time in the reply brief which is not appropriate.  *See* M.D. Mark, Inc. v. Kerr-McGee Corp., 565 F.3d 753, 768, n. 7 (10th Cir. 2009) ("[T]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief[.]"); *see also* Robledo v. Williams, Civil Action No. 20-cv-01797-DDD, 2020 WL 6393110, at *2 (D. Colo. Nov. 2, 2020) (applying general rule in § 2241 habeas case).

Additionally, petitioner contends his detention under § 1225(b) is arbitrary, capricious, and not in accordance with law, in violation of the Administrative Procedure Act, 5 U.S.C. §706(a)(2).  As previously determined, petitioner's detention is pursuant to § 1226(a) and not § 1225(b).  Nonetheless, even if the court were to construe the petition as challenging petitioner's detention under § 1226(a) as violative of the APA, the court concludes the challenge is not properly brought in this habeas proceeding.  The challenge "necessarily impl[ies] the invalidity of [petitioner's] confinement," so it "fall[s] within the 'core' of the writ of habeas corpus and thus must be brought in habeas."  Trump v. J.G.G., 604 U.S. 670, 672 (2025); *see also id*. at 674 ("[G]iven 5 U.S.C. § 704, which states that claims under the APA are not available when there is another "adequate remedy in a court," I agree with the Court that habeas corpus, not the APA, is the proper vehicle here.") (Kavanaugh, J. concurring); Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.").

---

[2] *In the petition, petitioner asserts that "since Petitioner's detention falls under § 1226(a), it was required that a judicial warrant was issued before his detention, [and]  this never occurred in his case." [Doc. #1-, ¶53]*

Petitioner's request for relief under the APA is denied.  *See* <u>Nguyen v. Department of Homeland Security</u>, No. CIV-26-87-R, 2026 WL 1181075, at *7 (W.D. Okla. Apr. 30, 2026), *report and recommendation adopted*, 2026 WL 1506428, at *7 n. 8 (W.D. Okla. May 29, 2026).[3]

Accordingly, for the reasons stated, the petition for writ of habeas corpus [Doc. #1] is **DENIED**.  A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 22nd day of June, 2026.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[3] *To the extent petitioner challenges the immigration judge's individualized decision to deny bond as violative of the APA, the court concludes that judicial review under the APA is precluded.  See 5 U.S.C. § 701(a)(1) and 8 U.S.C. § 1226(e).*

4